# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY POLANDO MCGHEE III | ) | CASE NO.  1:20-CR-848 |
| | ) | 1:25-CV-352 |
| Defendant-Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **OPINION & ORDER** |
| | ) | |
| Plaintiff-Respondent. | ) | |

On February 19, 2025, Defendant-Petitioner Anthony Polando McGhee III filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF 65. The Government filed a response in opposition on April 10, 2025. ECF 66. McGhee's reply in support of his motion, dated April 28, 2025, was filed on May 12, 2025. ECF 67. As discussed herein, because the filings and record show that McGhee is not entitled to § 2255 relief on any of the four grounds he raises, his motion is **DENIED**.

## I. BACKGROUND

Officers from the Cleveland Police Department responded to a report of shots fired in the area of 2853 East 119th Street on October 21, 2020. ECF 66 at 1. They were informed that four men were seen running from the area with what appeared to be handguns and rifles. When the officers arrived at the scene, they observed four men fitting the reported description. All four men began to run once they noticed the police cruiser, and the officers left their car and began pursuing the individuals on foot as they tried to escape over a fence. *Id.* at 1-2. The first three men successfully jumped over the fence, and one of these men was seen tossing a firearm over the fence. The fourth man, later identified as McGhee, was seen throwing a black firearm with an

extended magazine over the fence. McGhee was apprehended as he attempted to climb over the fence, but the other three individuals escaped. *Id.* at 2.

Once McGhee was detained, officers located a black Glock, model 27, .40 caliber pistol, loaded with fifteen rounds of ammunition, in the backyard of the house where McGhee was trying to jump. *Id.* Officers also located nearby an FN, model Five-Seven, 5.7 X 28mm pistol, loaded with one round of ammunition. DNA testing later determined that McGhee's DNA matched DNA located on the FN, model Five-Seven pistol. *Id.* At the time he was apprehended, McGhee told officers that he was a shooting victim and asked to be taken to his car. *Id.* The officers read McGhee his *Miranda* rights and escorted him to his car. There, officers observed that the windows of the car were shot out, and that there were two 5.7 X 28mm shell casings in plain view on the dashboard. Based on training and experience, the officers determined that the bullet holes in the vehicle were shot from inside the vehicle, not from the outside. They also located nine additional 5.7 X 28mm shell casings in the middle of the street, near McGhee's vehicle, and a black firearm holster in the driver's door compartment. *Id.* McGhee claimed that he was the sole occupant of the vehicle, and that he had only been running because he was afraid that he would be shot. *Id.* According to an eyewitness on the scene, after hearing the gunshots, they saw three males running from the area. *Id.* at 2-3. The witness then saw McGhee running and meeting up with the other three males, who then all ran away from the scene together.

On December 17, 2020, McGhee was indicted on one count of unlawful possession of a firearm by someone convicted of a domestic violence misdemeanor, in violation of 18 U.S.C. § 922(g)(9). ECF 13. At the time of the indictment, the Government did not yet have the DNA test results for the FN, model Five-Seven, 5.7 X 28mm pistol. ECF 68 at 3. As such, this firearm was

not listed in the indictment. *Id.* McGhee pleaded guilty to the indictment on October 20, 2021, without a plea agreement. *Id.*; *see generally* ECF 30.

As is standard, the Probation Department prepared a Presentence Investigation Report ("PSR"). The PSR found McGhee's base offense level to be 20, and added enhancements for possessing a firearm in connection with another felony offense (four levels under U.S.S.G. § 2K2.1(b)(6)(B)) and creating a substantial risk of harm to another person in the course of fleeing from the officers (two levels under U.S.S.G. § 3C1.2). This resulted in a total offense level of 26. When combined with criminal history category VI, the result was an advisory Guidelines imprisonment range of 120-150 months, which was then reduced to 120 months because of the then-statutory maximum sentence of 10 years.

McGhee filed a sentencing memorandum, which objected to the two enhancements, and he also asked for either a downward variance or for the federal sentence to be served concurrently with an undischarged state sentence. ECF 39 at 1. At the sentencing hearing, the Court overruled McGhee's objections to the two enhancements. ECF 54 at 8:5-15. The Court did apply a three-level reduction for McGhee's acceptance of responsibility and timely guilty plea. *Id.* at 8:16-23. This resulted in a final total offense level of 23; McGhee was in criminal history category VI, so the advisory Guidelines range was 92-115 months. *Id.* 8:23-9:1. Ultimately, the Court imposed a 92-month sentence, to run consecutive to McGhee's state sentence. *Id.* 19:4-7.

McGhee successfully appealed his sentence, and the case was remanded for resentencing. *United States v. McGhee*, 2023 WL 3815181 (6th Cir. June 5, 2023). The Sixth Circuit found that the Court erred in applying the § 3C1.2 enhancement. *Id.* at *4. The Sixth Circuit found no error in the federal sentencing being imposed consecutively to McGhee's state sentence. *Id.* On July 18, 2023, McGhee was resentenced to 77 months in custody, three years of supervised released, and a

$100.00 special assessment. As before, the federal sentence was set to run consecutively to the state sentences. ECF 61.

## II. LEGAL STANDARD

In accordance with 28 U.S.C. § 2255(a), a prisoner in custody may move the sentencing court to vacate the sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." In order to obtain relief under § 2255, a prisoner must demonstrate a constitutional error, a sentence that exceeds statutory limits, or an error of fact or law "so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). However, an ineffective assistance of counsel claim is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, regardless of whether the petitioner could have raised the claim on direct appeal. *Id.*

## III. ANALYSIS

On February 19, 2025, McGhee filed the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. ECF 65. In his motion, McGhee cites four grounds for relief: (1) Ineffective Assistance of Counsel; (2) Plain Error; (3) a *Brady* Violation; and (4) Failure to Present Crucial Evidence.

4

A. **Timeliness**

As a preliminary matter, McGhee's motion is untimely. § 2255(f)(1) proscribes a one-year statute of limitations for filing a motion, counted from the date on which the judgment becomes final. A conviction "becomes final upon conclusion of direct review." (*Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004)). When a defendant pursues a direct appeal, but the conviction is affirmed, "the judgment of conviction becomes final after the ninety-day period to file a petition for writ of certiorari expires." *Id.* McGhee was resentenced on July 7, 2023. ECF 61. Since McGhee did not file any additional appeals or petitions for certiorari, this Court's judgment became final on October 9, 2023. The instant motion was filed nearly a year and a half after that deadline, putting it far outside the time limit imposed by the statute.

B. **Merits**

Even if McGhee's motion were timely, all four of his claims for relief fail to reach the "significantly higher hurdle" under § 2255. *United States v. Frady*, 456 U.S. 152, 166 (1982).

McGhee first claims that he received ineffective assistance of counsel for two reasons: (1) that he was not advised by counsel that his DNA was not found on the recovered Glock; and (2) that counsel failed to file motions for discovery and suppression of evidence as he had requested. ECF 65. To establish ineffective assistance of counsel, McGhee must show that counsel's representation fell below an objective standard of reasonableness, and that his deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (quotation

5

omitted). In order to satisfy the "prejudice" requirement in the guilty plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). "Moreover, he must show that there would have been a reasonable chance he would have been acquitted had he gone to trial." *Spikes v. Mackie*, 541 F. App'x 637, 649 (6th Cir. 2013) (citing *Hill*, 474 U.S. at 59); *see also Railey v. Webb*, 540 F.3d 393, 415-16 (6th Cir. 2008) (same).

McGhee fails to satisfy this high standard. The record reflects that McGhee's counsel did, in fact, properly file requests for discovery, *see* ECF 23, which the Government provided, *see* ECF 24. This included the DNA lab report identifying McGhee's DNA on the FN pistol but not on the Glock. Further, the PSR for both the initial sentencing and the resentencing discuss the results of the DNA test. Accordingly, McGhee was aware of all DNA testing.

For his claim that he asked counsel to file a motion to suppress, McGhee provides virtually no details about what conversations he may have had with his attorneys and when those conversations occurred. In fact, McGhee fails to provide any details as to what evidence would have been the subject of such a motion to suppress. Counsel has no duty to raise claims which lack a legal basis and are doomed to fail; as such, counsel cannot be deemed to have rendered deficient performance for failing to raise meritless claims. *See, e.g.*, *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (holding that "by definition . . . counsel cannot be ineffective for a failure to raise an issue that lacks merit"); *Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010) (same); *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist."). Regardless of what McGhee may have asked his attorney to file, the Court must give deference to an attorney's subjective strategic decisions, unless such a decision is so clearly unreasonable that no competent lawyer would have done the same. *See*

*Strickland*, 466 U.S. at 690-91; *see also Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003). McGhee fails to meet this burden.

McGhee next claims that the Government improperly charged him in connection with the Glock, which his attorneys should have known he did not throw and which did not have his DNA on it (unlike the FN pistol). While the Federal Rules of Criminal Procedure do allow collateral claims for "[p]lain errors . . . affecting substantial rights" even if they were not initially raised, the scope of this rule is sharply limited. FED. R. CRIM. P. 52(b); *see also Johnson v. United States*, 520 U.S. 461 (1997) (discussing *passim* the "plain error" standard under Rule 52(b)). The error must "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993). Here, it is difficult to see that there was an error at all. While McGhee does correctly note that the charge he pleaded guilty to included the Glock (which did not have his DNA on it), this information was known to him prior to entering his plea. *Compare* ECF 13 (identifying the Glock as the "possessed" firearm underlying the charge), *with* ECF 30 at 3:6-11 (plea hearing transcript where McGhee affirmatively acknowledges reviewing the indictment with his counsel and understanding the charges made therein). Further, any suggestion that this decision was made without knowledge of the DNA results is refuted by the PSR and discovery in this case.[1] Most significantly, McGhee does not dispute that he illegally possessed the FN firearm, and he was not given any additional sentence by virtue of also being charged and convicted of possession of the Glock. Since there is no plain error here, McGhee's second claim also fails.

McGhee also claims that the Government, in violation of its obligations under *Brady v. Maryland*, withheld the results of the DNA testing. McGhee appears to concede that there was, in

---

[1] See discussion of McGhee's first claim *supra* for further details.

fact, no *Brady* violation in his reply. *See* ECF 67 at 5. Regardless, the claim would fail on the merits. The Government responded to McGhee's discovery request on May 27, 2021, producing both the DNA search warrant and affidavit and the DNA lab report. ECF 24 at 2. This was well before McGhee entered his guilty plea on October 20, 2021. *See generally* ECF 29; ECF 30. Accordingly, there was no *Brady* violation.

Finally, McGhee claims that either or both of his attorneys failed to present crucial evidence that could have changed the outcome of his case. ECF 65 at 9 (discussing attorney Ralph DeFranco's decision to not file a motion to suppress and decision to withdraw as counsel); ECF 67 at 4-5 (discussing attorney Michael Goldberg's decision to "neglect the DNA results which is crucial evidence"). Both arguments are essentially restatements of McGhee's previous ineffective assistance of counsel claims, as well as his claim that the Government improperly charged him in connection with the Glock. As previously discussed, the Court must give deference to an attorney's subjective strategic decisions, *see Strickland*, 466 U.S. at 690-91, and McGhee has put forth no evidence demonstrating that either of his attorneys acted in a manner so clearly unreasonable that no competent lawyer would have done the same. Additionally, since McGhee was not given any additional sentence by virtue of also being charged and convicted of possession of the Glock, it is unclear how any purported failure to contest this charge amounts to plain error.

## IV. CONCLUSION

For the reasons discussed above, McGhee has failed to show that he is entitled to relief under § 2255 on any of his four claims. Thus, his motion in its entirety is DENIED.

**IT IS SO ORDERED.**

                                              */s/ Dan A. Polster*
                                              **Dan Aaron Polster**
**Date: May 15, 2025**                 **United States District Judge**